IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEDRICK LAMON GRIHAM,** | ) |
| | ) |
| **Defendant/Movant,** | ) |
| | ) |
| v. | )   2:06-cr-00334-RDP-JEO |
| | )   2:09-cv-08029-RDP-JEO |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION

This matter is before the court on the motion of Dedrick Lamon Griham (hereinafter "Griham" or "Defendant") to vacate, set aside, or correct his conviction and sentence filed pursuant to 28 U.S.C. § 2255. (Civ. Doc.[1] #1). Because the motion appeared to be untimely, the magistrate judge issued an order requiring Griham to show cause why his motion is not due to be dismissed. (Doc. #5). Griham timely responded to that order to show cause. (Doc. #6). Nonetheless, the court concludes that his § 2255 motion is due to be denied because it is barred by the applicable one-year statute of limitations of 28 U.S.C. § 2255(f)(1).

## BACKGROUND

Defendant was charged with car jacking, in violation of 18 U.S.C. § 2119 (Count One); use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Crim. Doc.[2] #1). A jury found Defendant guilty on all three counts

---

[1] References to "Civ. Doc(s). #___" are to the documents as numbered by the clerk of court in the court's record of the § 2255 civil case, 2:09-cv-8029-RDP-JEO.

[2] References to "Crim. Doc(s). #___" are to the documents as numbered by the clerk of the court in the court's record of Defendant's criminal case, 2:06-cr-334-RDP-JEO.

(Crim. Doc. #46), and he was sentenced on March 2, 2007, to serve 180 months as to Count One, 84 months as to Count Two, and life imprisonment as to Count Three, with the sentences on Counts One and Three to run concurrently with each other and the sentence on Count Two to run consecutively with those of Counts One and Three. (Crim. Doc. #52). Further, such federal sentences were imposed to run consecutively with Defendant's imprisonment pursuant to another judgment imposed by the Circuit Court of Mobile County, Alabama. (*Id.*)

Defendant appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which affirmed his conviction on all counts in an opinion entered on May 21, 2008. *United States v. Griham* [No. 07-11044], 278 Fed.Appx. 960, 2008 WL 2123697 (11th Cir. May 21, 2008) (unpublished). On June 19, 2008, the Eleventh Circuit issued a certified copy of opinion as the appellate mandate, *see* Federal Rule of Appellate Procedure 41(a), which was received and filed in this court on June 20, 2009. (Crim. Doc. #70). Defendant did not petition for certiorari review in the United States Supreme Court.

Defendant thereafter filed his instant motion to vacate, set aside, or correct his conviction and sentence pursuant to § 2255 (Civ. Doc. #1), along with a supporting memorandum. (Civ. Doc. #2). That motion was formally filed by the clerk of this court on September 14, 2009 (Civ. Doc. at #1), although it is signed by Defendant and dated September 9, 2009. (Civ. Doc. at #9). In his motion, he asserts the following claims:

    (1)    that his trial counsel were constitutionally ineffective because they

        (a)    failed to move for a new trial under Rule 33, Fed. R. Crim. P. (Civ. Doc. 2 at 3-4);

        (b)    failed to object to the prosecution's failure to file a notice of information advising that Defendant's prior convictions would be

        used to enhance his sentence if he were convicted in this court (*id.* at 6-7);

  (c)    failed to move for a change of venue (*id.* at 7-8);

  (d)    failed to object to a security surveillance videotape from the victim's apartment on the ground that it did not show the date that it was taken (*id.* at 8-9);

  (e)    failed to issue subpoenas to two witnesses Defendant claims could have provided testimony favorable to the defense (Civ. Doc. #2 at 9-10); and

  (f)    failed to submit jury instructions explaining the "theory of defense supported by ... [the defendant's trial] testimony." (*id.* at 20).

(2)    that the trial court erred by allowing the victim to give testimony in violation of Rules 602, 611, 901, and 1002, FED. R. EVID., and in violation of his Fifth Amendment right to a fair trial (*id.* at 5, 10-17);

(3)    that the trial court erred by allowing the prosecution to read at trial portions of the victim's out-of-court statements she made to the police, also allegedly in violation of Rules 602, 611, 901, and 1002, FED. R. EVID. (*id.* at 18-21); and

(4)    that the evidence was insufficient to support his convictions on the car jacking count and the count alleging use of a firearm in connection with and during the car jacking. (*id.* at 17-18).

## DISCUSSION

Defendant's motion under § 2255 is subject to a one-year statute of limitations, running from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme

>Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Although not obligated to do so, district courts are permitted to raise the timeliness of a § 2255 motion *sua sponte*, even after the pre-answer screening stage, provided that the defendant is afforded an opportunity to respond before the motion is ultimately dismissed on such ground. *See Day v. McDonough*, 547 U.S. 198, 207-210 (2006) (establishing such a rule in the context of a district court's authority to raise the one-year statute of limitations of 28 U.S.C. § 2244(d) to bar a habeas petition filed by a state prisoner pursuant to 28 U.S.C. § 2254); *United States v. Bendolph*, 409 F.3d 155, 164-166 (3d Cir. 2005); *Gomez v. United States*, 2009 WL 1579510, *6 (N.D. Ga. June 3, 2009) (unpublished).

Here, the one-year limitations period began to run on the date on which Griham's judgment of conviction became "final," pursuant to 28 U.S.C. § 2255(f)(1). *See Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007). Where, as here, a defendant appeals to the Eleventh Circuit but does not petition for certiorari in the United States Supreme Court, his conviction becomes final upon the expiration of the time to have filed such a petition, which is ninety days after the appellate court enters its decision. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). It is undisputed at this point that the Eleventh Circuit entered its opinion affirming Griham's conviction on May 21, 2008.[3] (*See* Crim Doc. #70; Civ. Doc.

---

[3]Griham alleges in his § 2255 motion itself that the Eleventh Circuit affirmed his conviction on June 20, 2008. (Civ. Doc. #1 at 2, ¶ 9(c)). However, the court file in Defendant's case, of which this court may take judicial notice, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), conclusively establishes that the Eleventh Circuit's decision in Griham's case was actually entered by that court on May 21, 2008. (Crim. Doc. #70). Although Defendant references June 20, 2008, that is the date that the appellate opinion (which was issued as the mandate on June 19, 2008) was received and docketed in this court. (*Id.*) Further, in his response to the order to show cause entered by the magistrate judge, Griham concedes that the Eleventh Circuit released its opinion on May 21, 2008. (Doc. #6 at 2).

#6 at 2). As such, Griham's conviction became final 90 days later, on August 19, 2008, and the limitations period of § 2255(f) expired on the one-year anniversary of that date: August 19, 2009. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Griham's § 2255 motion was actually received and filed by the clerk on September 14, 2009. However, under the "prison mailbox" rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), a prisoner's motion is deemed filed on the date that he delivered it to prison authorities for mailing, which, absent contrary evidence from prison authorities, is assumed to be the date that it is signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Griham's motion is signed and dated September 9, 2009, so the court will for present purposes consider it to have been filed on that date. Nonetheless, that date is still several weeks after the limitations period expired on August 19, 2009. Griham's instant motion is thus time-barred on its face under § 2255(f).

In his response to the show cause order entered by the magistrate judge, Griham contends that his § 2255 motion was timely. (Doc. #6). He now admits that the Eleventh Circuit entered its opinion affirming his conviction on May 21, 2008. (*Id.* at 2). However, relying upon Federal Rule of Appellate Procedure 41(c), which provides that an appellate "mandate is effective when issued," Griham argues that the Eleventh Circuit's decision in his case was not "finalized" until either June 19, 2008, when the opinion was issued as the appellate mandate, or June 20, 2008, when that mandate was received and docketed in this court. (*Id.* at 2-3). Therefore, Griham asserts that the limitations period did not commence until ninety days after one of those two dates. (*Id.* at 3). Using those dates would imply, based upon the court's calculations, that the limitations period for Griham to file a § 2255 motion would not have begun to run until September 17 or 18, 2008, and would not

5

have expired until September 17 or 18, 2009.[4] Thus, Griham says, his motion was timely.

Griham's argument is entirely without merit. As noted above, conviction "finality" in this context is established by the expiration of the time for the defendant to have filed a petition for certiorari in the United States Supreme Court. *See Clay*, 537 U.S. at 527. Under Supreme Court Rules, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by ... a United States court of appeals ... is timely filed when it is filed with the Clerk of [the United States Supreme] Court within 90 days after entry of judgment." Supreme Court Rule 13(1). If this provision leaves any doubt about when the time to file a petition begins to run, Supreme Court Rule 13(3) clarifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate ...." Accordingly, the Eleventh Circuit has unambiguously held that the one-year statute of limitations to file a § 2255 motion commences ninety days after the court of appeals enters its decision affirming a conviction, not ninety days after the court of appeals issues its mandate. *Close*, 366 F.3d at 1285; *cf. Chavers v. Secretary, Florida Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (confirming that the similar one-year limitations period of 28 U.S.C. § 2244(d)(1)(A) in which a state prisoner must file a habeas petition under 28 U.S.C. § 2254 commences ninety days after the decision of the state court of last resort affirming the conviction, not ninety days after the issuance of the appellate mandate).

The court recognizes that § 2255's limitations period is subject to equitable tolling, but only if the movant can establish that his "untimely [filing is] because of extraordinary circumstances that

---

[4] Griham actually argues that his deadline for filing his § 2255 motion was September 20, 2009, which he asserts is one year after 90 days "from" June 20, 2008, when this court received the Eleventh Circuit's mandate. (Doc. #6 at 3). Not that it matters at all here, the court would nonetheless note that 90 days after June 20, 2008, is, by the court's calculations, actually September 18, 2008.

are both beyond his control and unavoidable even with due diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). Equitable tolling is a remedy that "is sparingly applied," and the movant bears the burden of establishing the existence of both extraordinary circumstances and his due diligence. *Williams v. United States*, 491 F.3d 1282, 1284-85 (11th Cir. 2007). Griham does not argue, and the record fails to reveal, the existence of any circumstances that might entitle him to equitable tolling of the limitations period. Thus, his motion is time-barred and due to be denied.

## CONCLUSION

Based on the foregoing, Defendant's motion filed pursuant to 28 U.S.C. § 2255 is barred by the applicable one-year statute of limitations of § 2255(f). Accordingly, it is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this      8th      day of October, 2009.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE